**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN SOUTHERLAND, : | |
| : | Civil Action No. 10-3563(DRD) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| COUNTY OF HUDSON, et al., : | |
| : | |
| Defendants. : | |
| : | |

**APPEARANCES:**

Shawn Southerland
East Jersey State Prison
Rahway, NJ  07065
    Plaintiff pro se

Michael L. Dermody
Office of Hudson County Counsel
Administration Building Annex
567 Pavonia Avenue
Jersey City, NJ
    Counsel for Defendant

**DEBEVOISE**, District Judge

This matter is presently before the Court pursuant to the submission of a Motion [44] for summary judgment filed by Plaintiff and a Motion [45] to dismiss or for summary judgment filed by Defendants Warden Oscar Aviles, the County of Hudson, and Hudson County Correctional Facility (the "Hudson County

1

Defendants").

For the reasons state below, the Motion of the Hudson County Defendants will be granted; Plaintiff's Motion will be denied.

## I. BACKGROUND

A.   Procedural Background

This matter was originally opened to the Court by Plaintiff Shawn Southerland's submission of a Complaint [1], pursuant to 42 U.S.C. § 1983.  This Court granted Plaintiff leave to proceed in forma pauperis, and Plaintiff filed an Amended Complaint [13], which he later withdrew.  Plaintiff later filed an Application to re-open this matter and a proposed Second Amended Complaint.  [16, 17]  This Court screened the Second Amended Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and, by Opinion and Order [23, 24] entered July 31, 2012, this Court dismissed the Second Amended Complaint without prejudice for failure to state a claim.  Plaintiff appealed and the Court of Appeals for the Third Circuit affirmed in part, vacated this Court's dismissal order "to the extent that it dismissed Southerland's claim that his pretrial confinement conditions at HCCC constituted 'punishment' under the Due Process Clause of the Fourteenth Amendment," and remanded for further proceedings.  See Southerland v. County of Hudson, 523 F.App'x 919 (3d Cir. 2013) (citing Bell v. Wolfish, 441 U.S. 520

2

(1979)).  Thereupon, this Court ordered the matter re-opened, directed the Clerk of the Court to issue summons and the U.S. Marshal to serve Defendant Oscar Aviles, Director of Hudson County Correctional Facility, and ordered Oscar Aviles to file and serve a responsive pleading, pursuant to 42 U.S.C. § 1997e(g)(2).

As noted above, this matter is now before the Court pursuant to Plaintiff's submission of a Motion [44] for summary judgment and the Motion [45] to Dismiss, or for Summary Judgment, submitted by the Hudson County Defendants.

B.   Factual Background

In the Second Amended Complaint, Plaintiff alleges that he was brought to Hudson County Correctional Facility on June 4, 2010, where he was placed in the C-5-East cellblock, which houses high-bail pretrial detainees.  Plaintiff alleges that he was allowed out of his cell only one or two hours per day for 5 days out of the week and a total of 16 hours over the course of the remaining two days per week.  He further alleges that he was locked in according to this schedule for a period of 135 days, from June 11, 2010, to October 23, 2010.  He contends that, during this period, he was not allowed any outdoor exercise. Plaintiff asserts that he had committed no disciplinary infraction justifying these conditions.  Plaintiff asserts that these conditions subjected him to "atypical and significant

hardship" in violation of the Due Process Clause of the
Fourteenth Amendment.   The Court of Appeals has concluded that
these allegations are sufficient to state a claim for
"punishment" in violation of the Due Process Clause of the
Fourteenth Amendment.   523 F.App'x at 922.

C.   The Pending Motions

Plaintiff has moved for summary judgment, asserting that
there are no material issues in dispute.[1]   In support of that
Motion [44], Plaintiff re-states the allegations of the
Complaint and the holding of the Court of Appeals that the
allegations are sufficient to state a claim for "punishment" in
violation of the Due Process Clause.

The Hudson County Defendants have filed a Motion [45] to
dismiss or for summary judgment, including a Statement of
Material Facts.   The Moving Defendants assert that Plaintiff's
claim must be dismissed pursuant to 42 U.S.C. § 1997e(a) because
Plaintiff failed to exhaust his administrative remedies.   In
addition, the Moving Defendants contend that they are entitled
to summary judgment because the conditions of which Plaintiff

---

[1] Plaintiff also contends that this Court failed to address
certain claims when it dismissed the Second Amended Complaint
for failure to state a claim.   Plaintiff, however, never
appealed on that ground0 and the Court of Appeals vacated the
dismissal order only with respect to the Due Process Claim.
Accordingly, this Court will consider only the viability of the
Due Process Claim.

complains were necessary to the security of the institution and all within it and did not amount to unconstitutional "punishment." In support of their Motion, the Moving Defendants have submitted the certifications of several employees of the Hudson County Correctional Center regarding the administrative remedies available to Plaintiff, the records searches conducted to determine that Plaintiff failed to exhaust his administrative remedies, and the basis for the practices regarding Plaintiff's challenged conditions of confinement.

This Court has considered the Motion and the various submissions of the parties and will decide the Motions on the briefs, pursuant to Federal Rule of Civil Procedure 78(b).[2]

## II. <u>SUMMARY JUDGMENT</u>

A district court shall grant summary judgment, as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Thus, summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[2] As both parties characterized their Motions as summary judgments motions, at least in the alternative, and have submitted materials beyond the scope of the pleadings, this Court will consider them as summary judgment motions.

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Fed.R.Civ.P. 56(c)(1), (4); Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

6

(citation omitted)); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (citing Celtoex, 477 U.S. at 325)).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. "[T]he non-moving party, to prevail, must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418 F.App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). Instead, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex</u>, 477 U.S. at 324; <u>see also</u> <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990) ("The object of [the Rule] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); <u>Anderson</u>, 477 U.S. at 249; <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992), <u>cert. denied</u>, 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the ' mere scintilla' threshold and ... offer[] a genuine issue of material fact.").

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" <u>Marino v. Indus. Crating Co.</u>, 358 F.3d 241, 247 (3d Cir. 2004) (citing <u>Anderson</u>, 477 U.S. at 255). In making this determination, however, the court may consider materials in the record other than those cited by the parties. Fed.R.Civ.P. 56(c)(3).

### III.   <u>DISCUSSION</u>

#### A.   <u>The Hudson County Defendants' Motion</u>

The Hudson County Defendants have moved to dismiss, or for

summary judgment, on the ground that Plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).

The exhaustion of administrative remedies is a mandatory prerequisite to any prisoner's filing of a civil rights action regarding prison conditions.  42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churcher, 532 U.S. 731, 739 (2001)).  Specifically, Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted).  See also Nyhuis v. Ngo, 204 F.3d 65, 68-69 (3d Cir. 2000) (holding that the § 1997e(a) exhaustion requirement applies equally to claims brought by federal and state prisoners).  In addition, a prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process.  Booth v. Churner, 532 U.S. 731 (2001).

Exhaustion is a precondition for bringing suit and, as such, it is a "'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" Small v. Camden County, 728 F.3d 265, 270 (3d Cir. 2013) (alternation in original) (citations omitted). Accordingly, "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." Id. at 271.

The applicable procedural rules for properly exhausting administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'" Jones v. Bock, 549 U.S. 199, 218 (2007). The burden of proving non-exhaustion lies with the defendants asserting the defense. Id., 549 U.S. at 212, 216-17.

Section 1997e(a) "demands that a prisoner exhaust his administrative remedies before filing suit." Strickengloss v. State Correction Institution at Mercer, No. 13-1933, 2013 WL 3776225, *1 (3d Cir. July 19, 2013) (emphasis added) (citing Jones v. Bock, 549 U.S. at 204. See also Thrower v. U.S., No. 12-4386, 2013 WL 2392823, *3 (3d Cir. June 3, 2013) (affirming dismissal of Bivens claim for failure to exhaust, even though prisoner exhausted his remedies after filing suit) (citing Ahmed

10

v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (collecting

cases)); Oriakhi v. United States, 165 F.App'x 991, 993 (3d Cir.

2006) (noting "unanimous circuit court consensus" that a

prisoner cannot fulfill the exhaustion requirement after filing

the complaint).

    In support of the Hudson County Defendants' Motion, Inmate

Advocate Gheya Butler supplied a Certification (Hudson County

Defendants' Motion, Ex. B), attached to which is the Hudson

County Department of Corrections Inmate Rule Book, containing

the grievance policy in effect at the time of the events

complained of.

> A.   All Grievances shall be initiated by an inmate
>      submitting to the Ombudsmen an approved HCDOC
>      Grievance Form.  Forms may be obtained upon
>      request from the Office of the Ombudsman.
> B.   The ombudsmen shall log the grievance(s) into the
>      grievance log book and/or data base assigning a
>      grievance number to the form.  The completed form
>      shall in turn be given to the Unit Manager of the
>      area where the inmate complaint(s) is/are alleged
>      to have taken place or which is that Unit
>      Manager's area of responsibility.
> C.   The Unit Manager has five (5) days to respond to
>      the grievance as to actions taken.  If a
>      satisfactory response has not been given, the
>      inmate may request to see the Unit Manager.
> D.   If the Unit Manager does not resolve the
>      grievance, the inmate may forward the grievance
>      to the Deputy Warden of Operations, or Deputy
>      Director, via the Ombudsman, internal mail, or
>      United States Mail.
> E.   In the event the Deputy Warden of Operations, or
>      Deputy Director does not satisfactorily settle
>      the grievance the inmate may forward the
>      grievance to the Director of Corrections who has
>      the absolute discretion to resolve the issue.

      F.    In the event the Director does not satisfactorily settle the grievance and/or the inmate requests monetary relief for loss or damage to personal property and/or for personal injury, the inmate may complete the Notice of Tort Claim Form which can be obtained upon request from the Ombudsman's Office or the Office of County Counsel.  The completed Notice of Tort Claim Form shall then be delivered to the Director of the Department of Corrections through the Ombudsman's Office or by United States Postal Service in the time and manner required by N.J.S.A. 59:8-1, et seq.

      G.    In the absence of the filing of a lawsuit in State and Federal Court, the Director and/or his designee shall have the authority to adjust or resolve any claim to the extent such resolution involves a change or adjustment of the inmate's circumstances within the facility or other conditions of confinement, such as classification and housing or the provision of other services.
...

(Motion to Dismiss, Ex. B, Att. A, Inmate Grievance Procedure.)

The affiant states that this Handbook was made available to Plaintiff, and he does not dispute that.  Indeed, as demonstrated below, it is apparent that Plaintiff knew of the institutional grievance procedure, as he utilized it on at least two occasions.  Accordingly, this procedure was available to Plaintiff.

Plaintiff entered Hudson County Correctional Center on or about June 4, 2010, accused of murder, subject to bail in excess of $500,000.00 and classified as a Code 3, high security inmate.  Accordingly, he was housed in the C-500 East maximum security housing unit.  (Motion to Dismiss, Ex. C, Certification of Lt. Thomas Monteleone and Ex. D, Certification of Sgt. Kesziah L.

12

Ford.)

    While confined in the maximum-security housing unit at
Hudson County Correctional Center, Plaintiff submitted a
grievance on the proper form on December 30, 2010, which reads
as follows.

        COMPLAINT:  That Complainant has been subjected to
        unconstitutional Policy and Practices of the
        Supervisors in control of the C-5-East Cell Block
        without due process of law.  Without violating any
        Rule or Regulation of the facility, I have been denied
        my constitutional right to contact family to contact
        my Attorney.  Unlawful detention in two man cell in
        Excess of 144 hours which continues to this day.
        denial of Shower, 1- in 5 days.  There has been no
        infraction, no hearing.  And the individual which
        triggered the lockin, has been returned to the Area.
        Visiting is taking place, however, I still have been
        denied phone access to contact family, [illegible].

        Based upon the Inmate Rule Book, myself and the
        [illegible] should have been returned to our former
        status after 24 hrs. notwithstanding there has been no
        hearing held for anyone in this unlawful lockdown.

(Motion to Dismiss, Ex. B, Att. B.)

    This grievance was not logged nor was a response given as
the grievance was determined to be about Plaintiff's custody
status and classification, which was deemed not to be a
grievable issue.  Plaintiff submitted only one other grievance
while detained at Hudson County Correctional Center, regarding
library access, which he withdrew.

    Contrary to the characterization of Respondents, this Court
does not view Plaintiff's grievance as a challenge to his

                                    13

custody status and classification, but as a challenge to a short-term six-day lockdown imposed as the result of a specific triggering event on or about December 24 or 25, 2010.  In either event, however, this grievance cannot be construed as a challenge to the other conditions of confinement, including confinement of up to 23 hours per day in the cells and the lack of outdoor recreation, generally prevailing in Plaintiff's housing unit, and which are the subject of this action.  To the contrary, in his grievance, Plaintiff specifically requested a return to the previous generally-prevailing conditions, which he apparently deemed less onerous.

In his response to the Hudson County Defendants' Motion, Plaintiff directs this Court's attention to an August 2010 letter that Plaintiff sent to the New Jersey Department of the Public Advocate, Office of the Ombudsman, in which he did complain of the lack of outdoor recreation and the long schedule during which prisoners were locked in their cells.  (Plaintiff's Response to Hudson County Defendants' Motion, Doc. No. 49, at Pa-1.)  As reflected in the response letter from the Corrections Ombudsman, however, that office has responsibility only for sentenced inmates confined in a state correctional facility.  (Plaintiff's Response at Pa-7.)  Although the Corrections Ombudsman indicated that he would send a copy of Plaintiff's letter to the Warden, that process does not constitute

14

substantial compliance with the institutional grievance policy.
Cf. Small v. Camden Coun ty, 728 F.3d 265, 273 (3d Cir. 2013)
(holding that letter that are not submitted in accordance with
the grievance policy procedures do not constitute substantial
compliance with grievance policy).

Because Plaintiff failed to exhaust his administrative
remedies, as required by § 1997e(a), this Court will grant the
Hudson County Defendants' Motion.

B.   Plaintiff's Motion for Summary Judgment

Plaintiff appears to ground his Motion for summary judgment
solely on the Court of Appeals' holding that the Second Amended
Complaint stated a claim for punishment sufficient to avoid
dismissal at the screening stage of the litigation.  That
holding, however, is not tantamount to a finding that Plaintiff
has established an entitlement to relief.[3]  To the contrary,
Plaintiff cannot establish an entitlement to relief because, as
explained above, he failed to exhaust his administrative
remedies, a necessary prerequisite to filing suit.

---

[3] Indeed, the Court of Appeals specifically noted that
Plaintiff's allegations were yet subject to examination against
the standard established by the Supreme Court, that is, whether
the challenged conditions were "'reasonably related to a
legitimate governmental objective, such as ensuring security and
order at the institution.'"  523 F.App'x at 922 (quoting Bell,
441 U.S. at 539).

Because Plaintiff has failed to exhaust his administrative remedies, this Court need not determine whether the challenged conditions amount to punishment in violation of the Due Process Clause.  Accordingly, Plaintiff's Motion for summary judgment will be denied.

IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion [44] for summary judgment will be denied and the Hudson County Defendants' Motion [45] to dismiss or for summary judgment will be granted.  To the extent the Second Amended Complaint could be construed as asserting against any other defendant the sole remaining claim after appeal, that Plaintiff's conditions of confinement amounted to punishment in violation of the Due Process Clause, any such claims shall be dismissed for failure to exhaust administrative remedies.  An appropriate order follows.


/s/ Dickinson R. Debevoise
Dickinson R. Debevoise
United States District Judge

Dated: April 28, 2014

16